UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:13-CR-159 |
| ) | |
| CHARLES DANIEL MULLINS ) | |

## **MEMORANDUM AND ORDER**

The defendant pled guilty to being a felon in possession of firearms. He will be sentenced on September 10, 2014. The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR"). The defendant has filed objections to 12 paragraphs of the PSR – paragraphs 21, 42, 43, 44, 85, 86, 87, 88, 91, 92, 93, and 97.[1] In response, the prosecution states that it does not oppose removal of paragraph 21 [doc. 28] and that it takes no position on the remaining objections [doc. 34]. For the reasons that follow, the defendant's objections will be sustained in small part but otherwise overruled.

I.

*Withdrawal*

The defendant has moved to withdraw his objections to paragraphs 42, 43, and 44 [doc. 32]. It is unclear to the court whether defendant's motion also seeks to

---

[1] Subsequent to the filing of the defendant's objections, the PSR has been revised [doc. 37]. For clarity, all references herein will be to the paragraph numbers of the *original* PSR [doc. 21]. Modifications in the amended PSR will be noted where relevant.

withdraw his objection to paragraph 93. The motion, as it is understood by the court, will be granted, and the objections to paragraphs 42, 43, and 44 will be deemed withdrawn.

II.

*Paragraph 21*

The original PSR increased the defendant's total offense level by four pursuant to advisory United States Sentencing Guideline 2K2.1(b)(6)(B) for possessing firearms in connection with another felony offense. The defendant objected to that increase.

Because the United States does not oppose removal of the 2K2.1(b)(6)(B) adjustment [doc. 28], the revised PSR no longer includes it. The issue is therefore moot. The court further notes that the defendant's advisory guideline range exceeds his statutory maximum sentence with or without the 2K2.1(b)(6)(B) increase. The question of whether the defendant possessed firearms in connection with another felony offense would therefore not have been an issue this court would have considered in the sentencing of this defendant. *See* Fed. R. Crim. P. 32(i)(3)(B) (district court need not rule on an objection that will not affect sentencing).

III

*Defendant's Background and Criminal History*

The remaining objections pertain to the PSR's recommended imposition of seven special sex-offender supervision conditions taken from this court's Local Rules. *See* E.D. Tenn. L.R. 83.10(b). Paragraphs 85, 86, 87, 88, 91, 92, and 93 set forth the conditions at issue, and paragraph 97 recommends their imposition.

2

Before turning to the general and specific objections to each of these conditions, a brief summary of the defendant's history and characteristics is necessary. All facts discussed below are taken from the original and amended PSR and have not been objected to by the defense. As such, these details are conclusively accepted by the court as findings of fact. *See* Fed. R. Crim. P. 32(i)(3)(A).

In October, 2005, the defendant pled guilty to attempted rape, having engaged in sexual intercourse with a 14-year-old girl on February 26, 2005. [Doc. 21, ¶ 42]. The defendant is now required to register as a sex offender. *Id.* ¶¶ 51, 52, 56.

In the present case, the defendant was apprehended following a dangerous high-speed pursuit on June 25, 2013. *Id.* ¶¶ 10, 15. After the van he was driving was finally stopped, the defendant fled on foot as did two other occupants of the vehicle, one of whom was a juvenile female. *Id.* ¶10. The defendant had removed the electronic monitoring device that he was required to wear by the Tennessee Board of Probation and Parole. *Id.* ¶ 9. Fifteen stolen firearms were found either in the defendant's vehicle or in the area where he fled. *Id.* ¶ 11.

The court need not set out, crime by crime, the defendant's criminal history in its entirety. Suffice it to say that the present defendant has one of the more alarming histories (and one of the more alarming records of noncompliance) that this court has seen.

As relevant to the remaining objections, the PSR documents a staggering number of probation violations, *id.* ¶¶ 33, 34. 38, 39, 40, 42, 44, and flight offenses including resisting arrest, evading arrest, and facilitating escape. *Id.* ¶¶ 35, 36, 37, 41, 44,

3

45. There are at least five pending charges for failure to register as a sex offender between 2011 and 2013. *Id.* ¶¶ 51, 52, 56. There is a 2012 assault conviction and a pending charge for another 2012 (aggravated) assault. *Id.* ¶¶ 45. 55. There is a pending charge for the 2012 rape of a fifteen-year-old. [Doc. 37, ¶ 53]. A 2002 sexual battery charge was dismissed for unknown reasons. [Doc. 21, ¶ 59].

It further appears that the defendant has not been honest in his statements to law enforcement and probation officers. The PSR documents three different stories regarding the defendant's number of children. *Id.* ¶ 63. Additionally, the defendant told this court's probation officer that "he experienced a good childhood with no significant problems." *Id.* ¶ 62. However, a 2003 Tennessee Board of Probation and Parole report states that the defendant "related a very unhappy childhood" in a difficult home. *Id.* ¶ 65. That same report includes the defendant's statement that by age 13 he was drinking a case of beer per week supplemented by marijuana, Percocet, and Xanax. *Id.* ¶ 70. The defendant told this court's probation officer that he has a GED, but that information cannot be verified. *Id.* ¶ 71. The defendant told this court's probation officer that he has a degree in criminal justice from Western Kentucky University. There is, however, no record of him ever attending that school. *Id.*

IV.

*Special Conditions of Supervision*

As noted, the PSR recommends imposition of seven of the sex-offender special conditions of supervision adopted by this court's Local Rule 83.10(b). The defendant objects to each condition. Generally, he argues that the conditions are not

4

reasonably related to the present offense of conviction.  In the alternative, he requests modification of four of the conditions should they be applied.

> A sentencing court may impose a non-mandatory condition of supervised release only if it meets three requirements.  <u>First</u>, the condition must be "reasonably related to" several sentencing factors.  These factors are "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner."  <u>Second</u>, the condition must "involve[] no greater deprivation of liberty than is reasonably necessary for" several sentencing purposes.  These purposes are "to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner."  <u>Third</u>, the condition must be "consistent with any pertinent policy statements issued by the Sentencing Commission."  Because they are written in the conjunctive, a condition must satisfy all three requirements.  However, a condition need not satisfy every single factor and purpose within each of the first two requirements.

*United States v. Carter*, 463 F.3d 526, 529 (6th Cir. 2006) (citations omitted) (emphasis added).

In *Carter*, the defendant pled guilty in 2001 to being a felon in possession of a firearm.  In 2005, the district court added a supervised release condition pertaining to sex offenders.  Carter's criminal history included 1988 convictions for rape and assault with intent to commit rape, along with a 2004 stalking conviction.  The Sixth Circuit concluded that the 1988 convictions were too remote in time to justify the 2005 imposition of a sex-offender-treatment condition.  *See id.* at 532.  Carter's case was

5

remanded for the district court to determine whether the 2004 stalking offense was sufficiently sexual to justify imposition of the special condition. *Id.* at 533.

*Carter* did not, however, "decide precisely how much time must elapse before a sex offense becomes too remote in time to be reasonably related to a sex-offender condition." *Id.* at 532. Subsequently, the Sixth Circuit has affirmed the imposition of sex-offender conditions based on multiple sex offenses occurring as recently as 12 years prior. *See United States v. Brogdon*, 503 F.3d 555, 565 (6th Cir. 2007). In the 2006 case of *United States v. Perkins*, 207 F. App'x 559, the Sixth Circuit upheld a sex-offender-treatment condition in light of a 1995 sex offense conviction, a 1994 assault conviction, and older assault *charges*. *Id.* at 562.

A. *General* Objection to Imposition of Sex-Offender Conditions

In objecting to all seven sex-offender conditions, the defendant globally argues that he "is not charged with a sex offense, and the conditions do not appear to be 'reasonably related' to the 'nature of the offense.'" [Doc. 26]. While the defendant is indeed correct that "being a felon in possession of a firearm is not a sex offense," *Carter*, 463 F.3d at 530, the nature and circumstances of the offense is not the only factor to be considered at the first step of the *Carter* test. Special conditions may also be "reasonably related to" the defendant's history and characteristics, the need to deter the defendant from future crime, the need to protect the public, and the need to provide medical or other correctional treatment in the best manner. *Id.* at 529.

Before *specifically* addressing each of the proposed special conditions, the court will *generally* address the three-pronged *Carter* test in light of the defendant's

6

*general* objection. As for the first prong, the court finds that sex-offender special conditions are "reasonably related to" the history and characteristics of this defendant. The defendant engaged in sexual intercourse with a 14-year-old girl less than ten years ago and his failure to register as a sex offender is ongoing since 2011. His sex offenses are not nearly as remote as those in *Carter*. Additionally, while his other rape charge is merely *pending*, while the 2002 sexual battery charge was *dismissed* for unknown reasons, and while the presence of a juvenile female in his vehicle at the time of the instant arrest is *unexplained*, these matters are nonetheless collectively troubling to the court. Further, the numerous flight offenses and probation violations highlight the defendant's clear disregard for law enforcement and supervising officers, thereby amplifying the court's concern over the defendant's sexual-offense history and characteristics. The apparently inaccurate information provided by the defendant to this court's probation officer is further troubling. As such, the court finds that sex-offender special conditions would be reasonably related to the additional sentencing factors of: the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; and the need to provide the defendant with needed medical care or other correctional treatment in the most effective manner.

As for *Carter*'s second prong, the court finds that sex-offender conditions would involve no greater deprivation of liberty than is reasonably necessary for the sentencing purposes of adequate deterrence, protection of the public, and effective provision of medical care or other correctional treatment. Importantly, the defendant is subject to a statutory maximum of only three years supervision. *See* 18 U.S.C. §§

7

3559(a)(3), 3583(b)(2). As will be discussed below, the defendant's specific objections cite three prior prosecutions in this court. A three-year term of supervision pales in comparison to the terms imposed in those cases. *See United States v. Parker*, 3:13-CR-056 (15 years); *United States v. Fitzmaurice*, 3:13-CR-123 (15 years); *United States v. Waugh*, 3:13-CR-142 (life). Additionally, imposition of the contemplated degree of supervision is not greater than reasonably necessary in light of the defendant's sex-offense history and his ongoing disregard for the law as illustrated by his numerous probation violations and his repeated failures to register as a sex offender.

As for *Carter*'s final prong, the court finds that imposition of sex-offender conditions in this case would be consistent with pertinent policy statements issued by the Sentencing Commission. Guideline 5D1.3(d)(7) is a policy statement of the Sentencing Commission. That policy statement provides that sex-offender conditions are not only recommended "[i]f the instant offense of conviction is a sex offense" but also, "in addition, may otherwise be appropriate in particular cases." In light of the relevant history and characteristics of the defendant discussed immediately above, the court finds sex-offender conditions appropriate in this case.

In sum, the court finds *Carter*'s three-pronged test to be generally satisfied. The court will now consider each of the proposed conditions individually in light of *Carter* and in light of any _specific_ objection raised by the defense.

B. Local Rule 83.10(b)(1)

The PSR recommends imposition of the special condition found at Local Rule 83.10(b)(1). That condition provides:

> The defendant shall participate in a program of sex offender mental health treatment at his/her own expense, as approved by the probation officer, until such time as he/she is released from the program by the probation officer. The defendant shall comply with the policies and procedures of the treatment program. The defendant shall waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to the United States Probation Officer, and to authorize open communication between the probation officer and the treatment providers.

The defendant articulates no *specific* objection to the imposition of this condition. Any such opposition is accordingly deemed waived. *See United States v. Cole*, 359 F.3d 420, 428 n.13 (6th Cir. 2004) (citation omitted) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."). In any event, the court finds imposition of this condition warranted for the reasons provided in section IV(A) of this opinion.

### C. Local Rule 83.10(b)(2)

The PSR recommends imposition of the special condition found at Local Rule 83.10(b)(2). That condition provides, "The defendant shall have no direct or third party contact with the victim(s) in this case by any means available to him/her."

The defendant articulates no *specific* objection to the imposition of this condition. Any such opposition is accordingly deemed waived. *See Cole*, 359 F.3d at 428 n.13. In any event, the court finds imposition of this condition warranted for the reasons provided in section IV(A) of this opinion and to protect the victim(s) of the defendant's prior sex crime(s).

### D. Local Rule 83.10(b)(3)

The PSR recommends imposition of the special condition found at Local Rule 83.10(b)(3) which relates to a defendant's contact with children under the age of 18. The defendant asks that this condition be applied in the modified form used by this court in *Parker*, *Fitzmaurice*, and *Waugh*, but articulates no *specific* objection to the imposition of this condition. Any such opposition is accordingly deemed waived. *See Cole*, 359 F.3d at 428 n.13.

The United States takes no position regarding the modified version of 83.10(b)(3) which provides:

> The defendant shall not associate and/or be alone with children under 18 years of age, nor shall he be at any residence where children under the age of 18 are residing, without the prior written approval of the probation officer. In addition, the defendant shall not visit, frequent, or remain about *any place that is primarily associated with children under the age of 18, or at which children under the age of 18 normally congregate, without the prior written approval of the probation officer*. LR 83.10(b)(3).

The requested modification is satisfactory to the court and will be employed in this case. As modified, the court finds imposition of this condition warranted for the reasons provided in section IV(A) of this opinion.

### E. Local Rule 83.10(b)(4)

The PSR recommends imposition of the special condition found at Local Rule 83.10(b)(4) which provides:

> The defendant shall not associate with anyone, under any circumstance, that he/she knows to be a sex offender, someone who engages in sexual activity with children under 18 years of age, or someone who condones and/or supports the sexual abuse/exploitation of children under 18 years of age (*i.e.*, NAMBLA, BOYCHAT, Boylover Message Board), except while

10

participating in sex offender mental health treatment as approved by the probation officer.

The defendant articulates no *specific* objection to the imposition of this condition. Any such opposition is accordingly deemed waived. *See Cole*, 359 F.3d at 428 n.13. In any event, the court finds imposition of this condition warranted for the reasons provided in section IV(A) of this opinion.

## F. Local Rule 83.10(b)(7)

The PSR recommends imposition of the special condition found at Local Rule 83.10(b)(7) requiring psychosexual assessment. The defendant asks that this condition be applied in the modified form used in *Parker*, *Fitzmaurice*, and *Waugh*, but articulates no *specific* objection to the imposition of this condition. Any such opposition is accordingly deemed waived. *See Cole*, 359 F.3d at 428 n.13.

The United States takes no position regarding the modified version of 83.10(b)(7) which provides, "The defendant shall submit to a psychosexual assessment at his own expense, as directed by the probation officer, *with the exception of plethsymography testing*." LR 83.10(b)(7)." The requested modification is satisfactory to the court and will be employed in this case. As modified, the court finds imposition of this condition warranted for the reasons provided in section IV(A) of this opinion.

## G. Local Rule 83.10(b)(8)

The PSR recommends imposition of the special condition found at Local Rule 83.10(b)(8) which provides:

11

> The defendant shall submit to polygraph testing at his/her own expense, as directed by the probation officer, in order to determine if he/she is in compliance with the conditions of supervision, or to facilitate sex offender treatment. The defendant shall be truthful during polygraph evaluations.

The defendant "asks the Court to delete the language 'in order to determine if he/she is in compliance with the conditions of supervision.'" The defendant argues "that such testing should be limited in nature and not be used to gauge compliance with the *general* terms of supervised release . . . ." [Doc. 26, p.3] (emphasis in original). This objection will be overruled.

The defendant has an egregious history of noncompliance with conditions of state supervision. The option of polygraph examination is therefore deemed necessary to measure compliance with *all* terms of his federal supervision. The court finds imposition of this condition, in its entirety, warranted for the reasons provided in section IV(A) of this opinion.

### H. Local Rule 83.10(b)(9)

The defendant's final objection is perplexing. He expressly objects to "Paragraph 93," asking the court to impose (if anything) the modified version of Local Rule 83.10(b)(**10**) used in *Parker*, *Fitzmaurice*, and *Waugh*. However, paragraph 93 does not refer to Local Rule 83.10(b)(10). It instead refers to Local Rule 83,10(b)(**9**). More importantly, the PSR does not recommend imposition of Local Rule 83.10(b)(10). This objection will therefore be overruled.

Local Rule 83.10(b)(**9**) provides, "All residences and employment shall be approved in advance by the probation officer. The defendant shall not participate in any

12

volunteer activities requiring unsupervised contact with children under the age of 18, without the approval of the probation officer." For the reasons provided in section IV(A) of this opinion, the court finds this special condition warranted and it will be imposed.

V.

*Conclusion*

For the reasons provided herein, the defendant's motion to withdraw his objections to paragraphs 42, 43, and 44 of his PSR [doc. 32] is **GRANTED** and those three objections are deemed **WITHDRAWN**. The defendant's objection to paragraph 21 of his PSR is **OVERRULED AS MOOT**.

The defendant's objections to paragraphs 85, 86, 88, 92, and 93 of his PSR are **OVERRULED IN THEIR ENTIRETY**. The defendant's objections to paragraphs 87, 91, and 97 are **SUSTAINED IN PART**, in that the special conditions of Local Rule 83.10(b)(3) and (7) will be imposed in the following modified forms:

> The defendant shall not associate and/or be alone with children under 18 years of age, nor shall he be at any residence where children under the age of 18 are residing, without the prior written approval of the probation officer. In addition, the defendant shall not visit, frequent, or remain about *any place that is primarily associated with children under the age of 18, or at which children under the age of 18 normally congregate, without the prior written approval of the probation officer*. LR 83.10(b)(3).
>
> The defendant shall submit to a psychosexual assessment at his own expense, as directed by the probation officer, *with the exception of plethsymography testing*." LR 83.10(b)(7).

The defendant's objections to paragraphs 87, 91, and 97 of his PSR are **OTHERWISE OVERRULED**. Sentencing remains set for September 10, 2014, at 10:00 a.m..

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge